**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   :   Civil Action No.:
JOANNE HIGGINS,                                                     :   21-cv-04203-LJL
                       *Plaintiff*,                           :
                                 :
                                 :
        - against -                                              :
                                 :
120 RIVERSIDE BOULEVARD AT TRUMP PLACE                              :
CONDOMINIUM, THE BOARD OF MANAGERS OF                              :
120 RIVERSIDE BOULEVARD AT TRUMP PLACE                              :
CONDOMINIUM, MICHAEL RITCHKEN,                                      :
INDIVIDUALLY AND AS PRESIDENT OF                                    :
THE BOARD OF MANAGERS OF 120 RIVERSIDE
BOULEVARD AT TRUMP PLACE CONDOMINIUM,
AKAM ASSOCIATES, INC., RONALD STARCIC,
CARLOS A. GALLIANI, and NANCY GALLIANI,

                          *Defendants*.
-------------------------------------------------------------------X


**CONDOMINIUM DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS UNDER FRCP 12(b)(6) and 12(c)**


Dated: October 6, 2021
New York, New York


                                 Respectfully Submitted,

                                 GARTNER + BLOOM, P.C.

                                 /s/ Arthur P. Xanthos

               By:     _____
                                 Arthur P. Xanthos (AX 4085)
                                 *Attorneys for Condominium*
                                 *Defendants*
                                 801 Second Avenue, 11th Floor
                                 New York, New York 10017
                                 (212) 759-5800
                                 *Axanthos@GartnerBloom.com*

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ........................................................................................ ii

**PRELIMINARY STATEMENT** ................................................................................. 1

**FACTUAL BACKGROUND** ..................................................................................... 1

**THE STANDARD ON A REQUEST FOR DISMISSAL UNDER FRCP 12(b)(6) and FRCP 12(c)** ................................................................................................................. 3

**ARGUMENT** ............................................................................................................. 4

    I.    THE FHA DISCRIMINATION CLAIM – PLAINTIFF'S FIRST CAUSE OF ACTION - - FAILS TO STATE A CLAIM AND IS BARRED BY THE TWO-YEAR STATUTE OF LIMITATIONS ........................................................................................................... 4

        *The Arguably Timely Allegations Under the FHA* ................................................. 5

        *Plaintiff's Conclusory Allegations Regarding FHA Violations* .............................. 6

    II.    ALL CLAIMS AGAINST BOARD PRESIDENT MICHAEL RITCHKEN AND PROPERTY MANAGER RONALD STARCIC MUST BE DISMISSED BECAUSE NO SEPARATE ALLEGATIONS OF INDIVIDUAL TORTIOUS CONDUCT BY HIM ARE FOUND IN THE AMENDED PLEADING ............................................................................ 7

    III.   THE SEVENTH CAUSE OF ACTION FOR NEGLIGENCE MUST BE DISMISSED.. 9

    IV.   PLAINTIFF'S NINTH CAUSE OF ACTION FOR A DECLARATORY JUDGMENT SHOULD BE DISMISSED AS DUPLICATIVE OF PLAINTIFF'S CONTRACT CAUSE OF ACTION ................................................................................................................... 10

    V.    PLAINTIFF'S TENTH CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED ....................................................................... 11

    VI.   THE TWELFTH CAUSE OF ACTION FOR SLANDER AGAINST RONALD STARCIC FAILS TO STATE A CAUSE OF ACTION ........................................................ 12

        *The Elements of Slander* .................................................................................... 13

        *The Amended Complaint Concedes that STATEMENT 2 is a True Statement* ..................... 13

        *STATEMENT 1 is a Non-Actionable Utterance* ................................................. 13

        *Plaintiff Failed to Allege Special Damages* ...................................................... 14

**CONCLUSION** ........................................................................................................ 15

**TABLE OF AUTHORITIES**

Cases

Alitalia Linee Aeree Italiane v. Airline Tariff Publ. Co., 580 F Supp 2d 285, 293 (SDNY 2008) ........................................................................................................................................................ 10

Andrews v. Bruk, 220 A.D.2d 376 (2nd Dept. 1995) ............................................................ 11

Apple Records, Inc. v. Capitol Records, Inc., 137 AD2d 50, 54, 529 N.Y.S.2d 279 (1st Dept 1998) ......................................................................................................................................... 10

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).......................................................................... 3

Auerbach v. Bennet, 47 N.Y.2d 619, 629 (N.Y. 1979) ........................................................... 8

Avramides v. Moussa, 158 A.D.3d 499 (1st Dept. 2018)........................................................ 9

Baker v. 16 Sutton Place Apt. Corp., 2 A.D.3d 119, 768 N.Y.S.2d 198, 2003 N.Y. App. Div. LEXIS 12724 .......................................................................................................................... 10

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 939 (2007) ....... 3

Bratone v. Conforti-Brown, 150 A.D.3d 1068 (2d Dept. 2017)............................................... 9

Burnette v. Carothers, 192 F.3d 52, 56, cert. denied, 2000 U.S. LEXIS 8336 (2000) .............. 3, 4

Consumers Union of U.S., Inc. v. State, 5 N.Y.3d 327, 360 (N.Y. 2005)..................................... 8

Corsini v. Morgan, 2013 NY Slip Op 31348(U), *9-10 (Sup Ct, NY County 2013)................... 14

DeCastro v. Bhokari, 201 A.D.2d 382, 383 (1st Dept. 1994).................................................. 9

Dillon v. City of New York, 261 AD2d 34, 38-39 (1st Dept 1999) ...................................... 13, 14

Epifani v. Johnson, 882 N.Y.S.2d 234, 2009 N.Y. App. Div. LEXIS 5219, 2009 NY Slip Op 5287........................................................................................................................... 13, 14, 15

Fair Hous. Justice Ctr., Inc. v. Cuomo, 2018 US Dist LEXIS 163276 [SDNY Sep. 10, 2018, No. 18-CV-3196 (VSB)]................................................................................................................ 7

Garmendia v. Bd. of Managers of 255 Cabrini Blvd. Condo. Ass'n, 2016 WL 751015 ................ 4

Graupner v. Roth, 293 A.D. 2d 408, 408-410 (1st Dept. 2002) ............................................ 11, 12

Harrison v. Harlem Hosp., 364 Fed. Appx. 686, 688, cert. denied, 2001 U.S. LEXIS 645 (2011) 3

Hollandale Apts. & Health Club, LLC v. Bonesteel, 100 N.Y.S.3d 711, 2019 N.Y. App. Div. LEXIS 3703, 2019 NY Slip Op 03718, 2019 WL 2031263 ...................................................... 7

Howell v. New York Post Co., 81 N.Y.2d 115, 121 (1993)...................................................... 11

Katz v. Board of Mgrs., 83 A.D.3d 501(1st Dept. 2011)......................................................... 8

Lewis v. City of New York, 2015 U.S. App. LEXIS 1385, *2 (2d Cir. 2015)............................... 3

Lopez v. Bonanza.com, Inc., 2019 US Dist LEXIS 170715 (SDNY Sep. 30, 2019)..................... 3

Lorne v. 50 Madison Ave. LLC, 65 A.D.3d 879 (1st Dept. 2009)............................................. 9

Mann v. Abel, 10 NY3d 271, 276 (2008) ............................................................................. 14

Matter of Levandusky v. One Fifth Ave. Apt. Corp., 75 N.Y.2d 530 (N.Y. 1990)....................... 8

Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303 (1983) .................................... 11

Murtha v. Yonkers Child Care Ass'n., 45 N.Y.2d 913, 915 (1978)........................................... 9

Olsen v. Stark Homes, Inc., 759 F3d 140, 156 [2d Cir 2014] ................................................. 7

Rocke v. 1041 Bushwick Ave. Assoc., Inc., 169 AD2d 525 (1st Dept 1991)............................ 12

Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)............................................................... 4

Sheppard v. Beerman, 18 F3d 147, 150 (2d Cir 1994) ........................................................... 4

Sommer v. Fed. Signal Corp., 79 NY2d 540, 551 (1992) ...................................................... 14

Steinhilber v. Alphonse, 68 NY2d 283 [1986] ..................................................................... 14

Valyrakis v. 346 W. 48th St. Hous. Dev. Fund Corp., 161 A.D.3d 404 (1st Dept. 2018)............. 9

Vasbinder v. Hung, 2017 NY Slip Op 31258(U) (Sup Ct, NY County 2017) ............................ 10

Weiner v. Doubleday & Co., 74 NY2d 586, 593, 549 NE2d 453, 550 NYS2d 251 [1989]......... 14

Statutes

42 U.S.C.S. § 3601 et seq. .................................................................................................... 4
42 U.S.C.S. § 3613(a)(1)(A) ................................................................................................. 4
42 USC § 3602 [h][1] ........................................................................................................... 6
CPLR § 3016 (a) ................................................................................................................... 14

## PRELIMINARY STATEMENT

Plaintiff Joanne Higgins filed this action against her condominium board (120 Riverside Boulevard), the board president (Michael Ritchken), the property manager (Ronald Starcic), and the managing agent (Akam Associates) (collectively, the Condominium Defendants), as well as against the husband and wife (Carlos Galliani and Nancy Galliani) who sold the subject condominium unit to the Plaintiff back in 2016. Plaintiff seeks a host of legal and equitable relief due to displeasure with her condominium board's handling of a noise, odor, leak, and mold problem affecting her and her condominium unit going back to November 2016. The sole conduit to Federal court jurisdiction is the first cause of action in the Amended Complaint for violation of the Federal Fair Housing Act under 42 U.S.C. 3601, *et seq.* (the "Federal Law claim").

This motion requests Rule 12(b)(6) and 12(c) dismissal of the Plaintiff's Amended Complaint as against each of the Condominium Defendants, and if dismissal of the Federal Law claim alone is granted then dismissal of the action due to the lack of jurisdiction of this Court. As Plaintiff recently filed an Amended Complaint, a Rule 12(b)(6) motion is appropriate; out of an abundance of caution, this motion seeks Rule 12(c) dismissal as well.

## FACTUAL BACKGROUND

According to her pleading, Plaintiff Joanne Higgins purchased the subject condominium unit in 2016 and immediately was faced with the issues for which she is suing. **Amended Complaint (Exhibit A)**, paras. 2, 29. Plaintiff complains of occasional noise from building renovation, a few smells over the years from building maintenance, sporadic water leaks into her unit and the subsequent development of mold, and unseemly comments to or concerning her from various individuals. **Amended Complaint**, paras. 7, 8, 33, 34, 35, 72, 82.

1

As a condominium unit owner, Plaintiff is a fee owner of her residential unit (3N), and the by-laws of the condominium place repair obligations to the interior of the residential unit squarely on the Plaintiff.  Xanthos Declaration, By-Laws (**Exhibit B**), Section 7.2 at p. 35.  The By-Laws are the agreement that govern the relationship of the Plaintiff with the condominium board, and none of the individual defendants, nor the managing agent – defendant Akam, is a party to that agreement. *Id.*

Plaintiff's complaint of building renovation noise concerns the condominium's upgrade of its lobby in 2017.  **Amended Complaint,** paras. 28, 29.  Plaintiff's other complaint of noise occurred in March 2020, ascribable to unidentified neighbors who have not been sued doing work in their own condominium units. **Amended Complaint,** para. 90.

Plaintiff's complaint of odors concerns the condominium's 2017 lobby project (**Amended Complaint,** paras. 33, 50, 57, 62), and the condominium's Spring 2020 cleaning of the building lobby (**Amended Complaint,** para. 91).

Plaintiff's complaint of sporadic water leaks and mold inside her unit originates upon her purchase of the condominium unit in June of 2016 (**Amended Complaint,** paras. 94, 95), though her knowledge of the leaky area predates her purchase in 2016.  **Amended Complaint,** para. 4. Plaintiff alleges that the leaks continue "[d]espite years of requests for repair."

Plaintiff's complaint of unseemly, allegedly libelous comments involves a fellow unit owner who has not been sued herein (**Amended Complaint,** paras. 76, 82), a building handyman who allegedly addressed his comments to her directly (**Amended Complaint,** paras. 64, 72), an unidentified gym instructor (**Amended Complaint,** para. 87) and the property manager who allegedly called her "crazy". **Amended Complaint,** para. 233.  All but one of these comments were made several years before the filing of this action.

## THE STANDARD ON A REQUEST FOR DISMISSAL UNDER FRCP 12(b)(6) and FRCP 12(c)

The standard for granting a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is identical to that for granting a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim. Lopez v. Bonanza.com, Inc., 2019 US Dist LEXIS 170715 (SDNY Sep. 30, 2019).

In considering a motion to dismiss under Fed. R. Civ. P. 12(c), all plausible allegations of fact in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the non-moving party.  Lewis v. City of New York, 2015 U.S. App. LEXIS 1385, *2 (2d Cir. 2015); Burnette v. Carothers, 192 F.3d 52, 56, cert. denied, 2000 U.S. LEXIS 8336 (2000); Harrison v. Harlem Hosp., 364 Fed. Appx. 686, 688, cert. denied, 2001 U.S. LEXIS 645 (2011).  To survive the pleading stage, a complaint must plead enough facts to state a claim that is plausible on its face and do more than conclusorily assert the elements of a cause of action.  *See* Lewis, at *2, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 939 (2007), *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss courts must take all of the factual allegations in the complaint as true, they are not bound to accept as true a legal conclusion couched as a factual allegation." *See* Ashcroft at *679.

"A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Bell Atl. Corp. at 1950.  Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true."  Id.  Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." Id.

at 1951. A complaint will be dismissed under Fed. R. Civ. P. 12(c) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Burnette at 56; Sheppard v. Beerman, 18 F3d 147, 150 (2d Cir 1994).

When deciding a motion to dismiss, a court may consider "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. " Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). The court may also consider documents "that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Id. Garmendia v. Bd. of Managers of 255 Cabrini Blvd. Condo. Ass'n, 2016 WL 751015.


**ARGUMENT**

### I.     THE FHA DISCRIMINATION CLAIM – PLAINTIFF'S FIRST CAUSE OF ACTION -- FAILS TO STATE A CLAIM AND IS BARRED BY THE TWO-YEAR STATUTE OF LIMITATIONS

The Fair Housing Act, 42 U.S.C.S. § 3601 et seq., provides that an aggrieved person has two years from the occurrence or termination of an alleged discriminatory practice in which to commence a civil action. 42 U.S.C.S. § 3613(a)(1)(A). Plaintiff filed this action on May 12, 2021.  Therefore, the discriminatory practice complained of in the pleading must have occurred *after* May 12, 2019 for Plaintiff's FHA claim to be timely.


*The Time Barred Allegations under the FHA*

The first ninety paragraphs of Plaintiff's Amended Complaint allege conduct by her neighbors, former Board members, a handyman, and some of the defendants, all of which occurred *prior to* April 10, 2019.  The conduct alleged in these 90 paragraphs, none of which constitutes discrimination in any event, are written for the most part in chronological sequence.

4

*See, e.g.,* **Exhibit "A",** paras. 31, 34, 38, 40, 41, 46, 52, 58, 62, 64, 65, 72, 73, 74, 76, 79, 80, 82, 84, 89, and 90. Thus, the only non-time barred allegations that could theoretically serve as the basis for an FHA claim are found in paragraphs 91 through 111 of the Amended Complaint.

*The Arguably Timely Allegations Under the FHA*

Paragraphs 91 and 92 concern the conduct of non-party neighbors – fellow condominium unit owners - of the Plaintiff.  They do not concern conduct of the Condominium Defendants.

Paragraph 93 alleges an odor that occurred in the building on one specific day.  No allegation is made of the cause of the odor, complaints regarding same, requests for accommodation, or disparate treatment of the Plaintiff.  Indeed, the paragraphs state that "numerous people" in the building were subjected to the odor.

Paragraph 94 concerns actions that lead up to a separate State court lawsuit against the Plaintiff.  That lawsuit was commenced in November 2017 according to paragraph 82 of the Amended Complaint.  Thus, the allegations in paragraph 94 occurred *prior to* November 2017.

Paragraph 95 alleges a late 2020 illness contracted by the Plaintiff.  There is no allegation of conduct by any of the Condominium Defendants in this connection.

Paragraphs 96, 97, and 98 concern conduct that took place in 2016.

Paragraphs 99 and 100 concern undated and non-specific water leaks inside Plaintiff's own condominium unit.

Paragraphs 101 and 102 concern settlement discussions between Plaintiff, another unit owner, and the Condominium Defendants regarding a more recent water leak issue.

Paragraphs 103, 104 and 105 do not allege any acts by the Condominium Defendants and assert that Plaintiff exercised her right and obligation to repair her own condominium unit, per

the By-Laws of the Condominium.

Paragraphs 106, 107, and 108 assert Plaintiff's criticism of the Condominium Defendants' hired professionals and their methods of assessing building-wide issues.

Paragraphs 109, 110, and 111 assert Plaintiff's disagreement with the Condominium's conclusion as to the environmental condition of the building.

Thus, Plaintiff's first cause of action for violation of the FHA should be dismissed as time-barred.

*Plaintiff's Conclusory Allegations Regarding FHA Violations*

None of the non-time barred allegations in paragraphs 91 through 111, even if accepted as true, constitutes a sufficiently pleaded claim under the FHA. Indeed, not one of these allegations amounts to more than Plaintiff second-guessing the Condominium Board's professionals, or Plaintiff's disappointment that unlike a rental apartment, there is no landlord duty-bound to fix the interior or her condominium unit.

Critically, even the allegations that identify specific conduct by the Condominium Defendants do not allege sufficient facts to prove that the motive for the conduct was one circumscribed by the FHA, to wit, illegal, or that a specific reasonable accommodation was requested within the statute of limitations and not responded to.

A person has a qualifying disability within the meaning of the FHA when he or she has "a physical or mental impairment which substantially limits one or more of such person's major life activities" (42 USC § 3602 [h][1]).  To plead a discrimination claim based upon a failure to accommodate a person's disability, the person must allege:

(1) that he or she is disabled within the meaning of the statute,
(2) that the charged party knew or reasonably should have known about the disability,

6

(3) "that the accommodation was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling,"

(4) that the requested accommodation was reasonable and that the charged party refused to make the accommodation

(Olsen v. Stark Homes, Inc., 759 F3d 140, 156 [2d Cir 2014]; *see* Fair Hous. Justice Ctr., Inc. v. Cuomo, 2018 US Dist LEXIS 163276 [SDNY Sep. 10, 2018, No. 18-CV-3196 (VSB)])." Hollandale Apts. & Health Club, LLC v. Bonesteel, 100 N.Y.S.3d 711, 2019 N.Y. App. Div. LEXIS 3703, 2019 NY Slip Op 03718, 2019 WL 2031263.

The non-time barred paragraphs of the Amended Complaint that serve as the only predicate for the FHA claim, to wit, some of the paragraphs numbered 91 through 111, (1) do not allege FHA violations on the part of defendant Ronald Starcic, (2) do not allege FHA violations on the part of defendant Michael Ritchken, and (3) do not allege requests to the Condominium Defendants for a reasonable accommodation that was "likely necessary to afford" Plaintiff an equal opportunity to use and enjoy the dwelling.  As detailed above, these conclusory paragraphs concern either the conduct of third-party unit owners in their own dwellings, or property damage suffered by the Plaintiff due to periodic water leaks into her unit.

Thus, dismissal of the Plaintiff's first cause of action is warranted on this ground as well.

**II.    ALL CLAIMS AGAINST BOARD PRESIDENT MICHAEL RITCHKEN AND PROPERTY MANAGER RONALD STARCIC MUST BE DISMISSED BECAUSE NO SEPARATE ALLEGATIONS OF INDIVIDUAL TORTIOUS CONDUCT BY HIM ARE FOUND IN THE AMENDED PLEADING**

Besides the identifying information in the beginning of the Amended Complaint, there are no paragraphs that specifically mention individual defendant Michael Ritchken – a Board member of the defendant Condominium -- or that allege specific tortious conduct by him.  There are no allegations made by Plaintiff in the Amended Complaint setting forth decisions made by Ritchken

that were not: (i) in good faith; (ii) in the exercise of honest judgment; or (iii) in the furtherance of lawful and legitimate the Condominium Board's corporate purposes. Plaintiff seemingly seeks to hold Ritchken liable merely due to his capacity as the president of the defendant Board. However, no allegations are made of separate tortious acts committed by Ritchken.

Similarly, besides the identifying information in the beginning of the Amended Complaint, there are only seven paragraphs that specifically mention individual defendant Ronald Starcic – an employee of defendant Akam, the managing agent of the defendant Condominium -- by name; these are all contained in the twelfth cause of action (slander *per se*) addressed separately herein. There are no allegations made by Plaintiff in the Amended Complaint setting forth decisions made by Starcic for Akam, and in turn for the defendant Condominium, that were not: (i) in good faith; (ii) in the exercise of honest judgment; or (iii) in the furtherance of the lawful and legitimate corporate purposes of the Condominium Board. Plaintiff seemingly seeks to hold Starcic liable merely due to his capacity as a property manager for a managing agent of the Condominium.

The Court of Appeals has consistently held that individual members of a corporate entity are protected against personal liability for actions taken in good faith, in the exercise of honest judgment, and in the furtherance of corporate purposes. *See*, e.g., Consumers Union of U.S., Inc. v. State, 5 N.Y.3d 327, 360 (N.Y. 2005); Matter of Levandusky v. One Fifth Ave. Apt. Corp., 75 N.Y.2d 530 (N.Y. 1990). In the words of the Court of Appeals, the business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." Auerbach v. Bennet, 47 N.Y.2d 619, 629 (N.Y. 1979).

The business judgment rule applies to directors of a condominium board. *See* id.; Katz v. Board of Mgrs., 83 A.D.3d 501(1st Dept. 2011); Lorne v. 50 Madison Ave. LLC, 65 A.D.3d 879

(1st Dept. 2009).

Indeed, in 2017 the Appellate Division held that under the business judgment rule, individuals "are entitled to the presumption that they acted" in good faith, exercised honest judgment, and acted in furtherance of corporate purposes. Bratone v. Conforti-Brown, 150 A.D.3d 1068 (2d Dept. 2017).

An exception to the business judgment rule exists if a Plaintiff alleges in non-conclusory form (and ultimately can prove) that a director engaged in independent "separate tortious acts" outside of his or her actions on behalf of the Board. However, no such allegations have been made, much less proved, in the Amended Complaint herein. *See* DeCastro v. Bhokari, 201 A.D.2d 382, 383 (1st Dept. 1994) (claims against cooperative board dismissed absent "the allegation that they committed separate tortious acts"); *see also* Murtha v. Yonkers Child Care Ass'n., 45 N.Y.2d 913, 915 (1978); Avramides v. Moussa, 158 A.D.3d 499 (1st Dept. 2018); Valyrakis v. 346 W. 48th St. Hous. Dev. Fund Corp., 161 A.D.3d 404 (1st Dept. 2018) (affirming dismissal of claims against individual board members where plaintiffs failed to allege that any defendant director "engaged in individual extra-board wrongdoing separate from the board's collective actions on behalf of the corporation").

Thus, the Amended Complaint should be dismissed in its entirety as to Michael Ritchken and Ronald Starcic.

## III.    THE SEVENTH CAUSE OF ACTION FOR NEGLIGENCE MUST BE DISMISSED

The Court of Appeals has made it clear that a plaintiff cannot sue in negligence when she fails to allege a violation of a legal duty independent of a contract. *See* Sommer v. Fed. Signal

Corp., 79 NY2d 540, 551 (1992) ("…merely alleging that a breach of a contract duty arose from the lack of due care will not transform a simple breach of contract into a tort; Alitalia Linee Aeree Italiane v. Airline Tariff Publ. Co., 580 F Supp 2d 285, 293 [SDNY 2008]) ("To bring a tort action alongside a contract claim, the alleged breach of duty must be distinct from, or in addition to, the breach of contract"). In short, and as applicable to the Amended Complaint herein, negligence will not lie where an agreement governs the parties' repair obligations. Baker v. 16 Sutton Place Apt. Corp., 2 A.D.3d 119, 768 N.Y.S.2d 198, 2003 N.Y. App. Div. LEXIS 12724.

In the present case, Plaintiff's seventh cause of action fails to allege a violation of a legal duty independent from the contractual duties alleged in the sixth cause of action for breach of contract. In fact, the allegation in both causes of action as to the duty of the Condominium Defendants is essentially the same. Compare Plaintiff's Amended Complaint, **Exhibit "A"**, Paragraphs 186 with 207.

Thus, Plaintiff's seventh cause of action for negligence should be dismissed.


IV.   **PLAINTIFF'S NINTH CAUSE OF ACTION FOR A DECLARATORY JUDGMENT SHOULD BE DISMISSED AS DUPLICATIVE OF PLAINTIFF'S CONTRACT CAUSE OF ACTION**

The ninth cause of action for a declaratory judgment is duplicative of Plaintiff's breach of contract cause of action. See Apple Records, Inc. v. Capitol Records, Inc., 137 AD2d 50, 54, 529 N.Y.S.2d 279 (1st Dept 1998) ("A cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract."). Vasbinder v. Hung, 2017 NY Slip Op 31258(U) (Sup Ct, NY County 2017).

As such, it should be dismissed.

## V.     PLAINTIFF'S TENTH CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED

The tenth cause of action for negligent infliction of emotional distress does not state a claim for such under New York law. The elements of infliction of emotional distress are, (1) extreme and outrageous conduct, (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress, (3) causation, and (4) severe emotional distress.  S*ee* Howell v. New York Post Co., 81 N.Y.2d 115, 121 (1993); Andrews v. Bruk, 220 A.D.2d 376 (2nd Dept. 1995). The subject conduct must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' ". Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303 (1983), quoting Restatement [Second] of Torts § 46, Comment d. The allegations contained in Plaintiff's tenth cause of action fails to allege conduct so outrageous as to go beyond all possible bounds of decency.

In Graupner v. Roth, 293 A.D. 2d 408, 408-410 (1st Dept. 2002), the First Department was faced with aggressive conduct by a landlord against a tenant-occupant of residential premises. Plaintiff there was a rent stabilized tenant in defendant Roth's building. Plaintiff sued both the owner and the managing agent for infliction of emotional distress, alleging that defendants caused her extreme anxiety through, among other things, refusing to repair a collapsed bathroom ceiling, constructively evicting her from the apartment, refusing to return her keys to the apartment, and endangering her ability to receive senior citizen rent increase exemption benefits by failing to timely offer her a renewal lease.  The First Department dismissed the emotional distress claim, holding that, "[t]he isolated landlord-tenant disputes and breach of contract claims cited by plaintiff do not, even viewed cumulatively, amount to conduct even close to approaching the

threshold of outrageousness needed to support a cause of action for intentional infliction of emotional distress [citations omitted]". <u>Graupner</u> at 408-410. Similarly, in <u>Rocke v. 1041 Bushwick Ave. Assoc., Inc.</u>, 169 AD2d 525 (1st Dept 1991), the Court found no emotional distress where it was determined that a superintendent carried the plaintiff-tenant's belongings from the hallway (where her ex-husband had placed them after a fight with plaintiff), to the building's basement, and changed the apartment door lock.

Assuming *arguendo* the truth of the Plaintiff's allegations, the Amended Complaint presents the Court with a condominium unit owner angered by the supposedly boorish behavior of her fellow neighbors and the Condominium's alleged indifference to Plaintiff's complaints about noise, leaks, and mold. Such allegations, even if true, do not constitute a claim under New York law for infliction of emotional distress. Thus, Plaintiff's tenth cause of action should be dismissed.

## VI.    THE TWELFTH CAUSE OF ACTION FOR SLANDER AGAINST RONALD STARCIC FAILS TO STATE A CAUSE OF ACTION

Paragraphs 242 through 249 of the Amended Complaint purport to state a claim for slander *per se* against Ronald Starcic. The two allegedly slanderous utterances are set forth in paragraphs 245 and 246, to wit:

> 245. Throughout the inspection Starcic denigrated Higgins by calling her "crazy" to persons present at the inspection. ("STATEMENT 1")

> 246. During this time Higgins stepped out of her home to go to her car. When she left, she used a walker to assist her; upon return, she did not have the walker with her. Seeing this as an opportune moment, Starcic turned to Higgins' lawyer and said, "one minute she needs a walker and another minute she does not", insinuating that Higgins disability and the many symptoms caused by it were not genuine. ("STATEMENT 2")

Assuming the allegations above are true for purposes of this Motion, the twelfth cause of action must be dismissed because (1) both statements above are as a matter of law non-

actionable, (2) STATEMENT 2 is conceded to be true in the pleading, and (3) no special damages are alleged by Plaintiff.

## *The Elements of Slander*

In New York, the elements of a cause of action to recover damages for slander are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, either causing special harm or constituting defamation *per se*. Epifani v. Johnson, 882 N.Y.S.2d 234, 2009 N.Y. App. Div. LEXIS 5219, 2009 NY Slip Op 5287.

Slander *per se* are statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business, or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman. When statements fall within one of these categories, the law presumes that damages will result, and they need not be alleged or proven.

## *The Amended Complaint Concedes that STATEMENT 2 is a True Statement*

STATEMENT 2, that one minute Plaintiff needed a walker and another minute she did not, is conceded to be true by the Plaintiff in the Amended Complaint.  See **Amended Complaint**, paragraph 246.  Because true statements cannot be defamatory, STATEMENT 2 cannot serve as the basis of a slander claim. *See* Dillon v. City of New York, 261 AD2d 34, 38-39 (1st Dept 1999) ("Truth provides a complete defense to defamation claims," and "[a]llegations of defamation present, in the first instance, an issue of law for judicial determination.").

## *STATEMENT 1 is a Non-Actionable Utterance*

STATEMENT 1, that defendant Starcic used the word "crazy" in some unidentified

sentence to refer to Plaintiff, is a non-actionable utterance.

New York courts have spoken on the use of "crazy" in the defamation context.  In

Epifani the Appellate Division, Second Department held as follows:

> Moreover, Johnson's remark to Oliverre allegedly characterizing Supple as
> "crazy" does not appear to be a defamatory statement concerning Supple;
> Johnson did not tell Oliverre that she believed that Supple was "crazy," but
> only that she telephoned Supple's references and told them that Supple was
> "crazy." To the extent that the Court may infer that the substance of the
> statement was Johnson's assertion that Supple was "crazy," this would appear
> to be a hyperbolic expression of opinion and, thus, nonactionable (*see*
> *generally* Mann v. Abel, 10 NY3d 271, 276 (2008).

Similarly, the New York county Supreme Court in Corsini v. Morgan, 2013 NY Slip Op

31348(U), *9-10 (Sup Ct, NY County 2013) stated as follows:

> A plaintiff alleging slander must quote not only the specific words objected to, as
> required by CPLR § 3016 (a), but also enough of the complete statement to enable the
> court to determine whether the words complained of assert facts, or merely convey an
> opinion. *See* Dillon v. City of New York, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (1st Dept.
> 1999).
> …Similarly, Morgan's alleged statements, that plaintiff is "crazy," "a stalker," "totally
> nuts," and "a crazy stalker," are words lacking any context. Moreover, in the context of
> the ongoing acrimony between plaintiff and Morgan, those words would clearly be
> understood by those who heard them as "[l]oose, figurative, or hyperbolic" expressions of
> exasperation. Id. at 38.

Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no

matter how offensive, cannot be the subject of an action for defamation (*see* Weiner v.

Doubleday & Co., 74 NY2d 586, 593, 549 NE2d 453, 550 NYS2d 251 [1989], *cert denied* 495

US 930, 110 S Ct 2168, 109 L Ed 2d 498 [1990], citing Steinhilber v. Alphonse, 68 NY2d 283

[1986]).

*Plaintiff Failed to Allege Special Damages*

Furthermore, neither STATEMENT 1 nor STATEMENT 2 fits into any of the four

14

categories of slander *per se*.  Plaintiff was therefore required to allege special harm flowing from the statements (Epifani at 234), a requirement she failed to fulfill in any of paragraphs 242 through 249.

## CONCLUSION

For the reasons above, the Condominium Defendants' motion should be granted in its entirety.

Dated:  October 6, 2021
        New York, New York

Respectfully Submitted,

GARTNER + BLOOM, P.C.

By:    /s/ Arthur P. Xanthos
        Arthur P. Xanthos (AX 4085)
        *Attorneys for Condominium*
        *Defendants*
        801 Second Avenue, 11th Floor
        New York, New York 10017
        (212) 759-5800
        Axanthos@GartnerBloom.com

15

## <u>ATTORNEY'S CERTIFICATION</u>

I, ARTHUR P. XANTHOS, an attorney duly admitted to practice law before the courts of the State of New York, hereby certify that the attached document complies with the word count limit set forth in Uniform Rule 202.8-b as it contains 4292 words, excluding the caption, table of contents, table of authorities, and signature block.  In preparing this certification, I have relied on the word count of the word-processing system used to prepare the attached document.

DATED:          October 6, 2021
                New York, New York


                    _____/s/ Arthur P. Xanthos_____
                        Arthur P. Xanthos, Esq.