# SANTAMARINA & ASSOCIATES
### ATTORNEYS AT LAW
260 MADISON AVENUE, 17TH FLOOR
NEW YORK, NEW YORK 10016

GIL SANTAMARINA, ESQ.

KACY POPYER, ESQ.
RACHEL L. ALBINDER, ESQ.
ALINA LEVINA, ESQ.
MICHAEL A. BARNETT, ESQ., OF COUNSEL

TARA BONILLA, OFFICE MANAGER & TRANSFER AGENT

TELEPHONE: 212-965-1678
FACSIMILE: 212-537-0012
EMAIL: gil@santamarinalaw.com
WEBSITE: www.santamarinalaw.com

*Plaintiff having represented that the scope of discovery against the sellers-defendants is limited, the sellers-defendants' motion for a protective order staying all discovery by or against them is DENIED without prejudice to sellers-defendants making a narrower request setting forth the basis for staying specific types of discovery, such as depositions of the sellers-defendants, pending a decision on the motion to dismiss.*

*The proposed briefing schedule for sellers-defendants' motion to dismiss is approved.*

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

10/19/2021

October 6, 2021

Hon. Lewis J. Liman, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

Re:   Joanne Noel Higgins v. 120 Riverside Boulevard at Trump Place Condominium et al.
      Case No: 21-cv-04203-LJL

Your Honor:

This firm represents Defendants Carlos A. Galliani and Nancy Galliani ("Sellers") in the above-referenced action. Pursuant to Federal Rule of Civil Procedure Rule 26(c), Sellers submit this letter-motion for a protective order staying all discovery until the Court decides Sellers' motion to dismiss the amended complaint. Sellers filed a prior motion to dismiss, which was deemed mooted by Plaintiff's filing of the amended complaint. At the initial conference on September 30, 2021, Sellers advised the Court of their intent to file a new motion to dismiss in response to the amended complaint. Specifically, Sellers' motion to dismiss will be directed at the one and only claim pled against Sellers, which is a fraudulent inducement claim based on misrepresentations Sellers allegedly made to induce Plaintiff to purchase the premises at issue. In the interim, the Court agreed to entertain a motion by Sellers to stay discovery pending Sellers' motion to dismiss.

The Court has discretion to stay discovery for "good cause." In determining whether good cause exists, courts consider "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (internal citations omitted). All three of these factors weigh in favor of granting Sellers' motion for a stay.

**A. Discovery Will Be Burdensome**

This action will involve considerable discovery, the breadth of which will span a five-year period. *See Integrated Sys. & Power, Inc. v. Honeywell Intl., Inc.*, 2009 WL 2777076, *1 (S.D.N.Y. Sep.

Santamarina & Associates  
October 6, 2021  
Page 2 of 3

1, 2009) (granting stay where "the breadth of the discovery sought in this action will cover a six-year period"). Although demands have not yet been served, Plaintiff will presumably request documents going back to 2016. Sellers also anticipate requesting extensive discovery from the other parties as well. *See Trustees of The NY City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, 2019 WL 6912282, *4 (S.D.N.Y. Dec. 19, 2019) (granting stay where moving party anticipated making broad discovery demands of their own). For example, Sellers will request years of relevant communications between the Condominium and Plaintiff, which will be time consuming and costly to review. Discovery with respect to the issue of Plaintiff's damages will also be particularly complex and burdensome, as Plaintiff claims to have suffered a multitude of physical and emotional injuries and places in issue her various preexisting medical conditions.

Moreover, the parties will need to seek discovery from various third parties. *See Ema Fin., LLC*, 336 F.R.D. at 84 (potential discovery of third parties on certain issue to support granting stay of discovery). Specifically, because the misrepresentations at issue concern a structural defect in the premises, expert discovery will be necessary. Plaintiff's counsel has also indicated her intent to seek discovery from one or more nonparties, such as Sellers' transactional attorney.

A stay will benefit the parties by simplifying and shortening discovery, not just for Sellers but for Plaintiff as well. *See Spinelli v. Nat'l Football* League, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). The motion to dismiss is directed to the single claim pled against Sellers, and if the motion is successful, it would eliminate all issues relating to the contract of sale, changing the nature of discovery going forward.

**B. A Stay of Discovery Will Not Cause Any Prejudice**

No prejudice will result from staying discovery. The delay would be relatively short, and at this stage of the litigation, a short delay would not be unduly prejudicial. *See Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020). Discovery demands have not yet been served, and if the Court accepts the proposed briefing schedule[1] attached, moving papers will be filed before initial discovery demands are due. In any event, Plaintiff waited five years after discovering Sellers' purported fraud to bring this action. Therefore, she cannot claim to be prejudiced by any delay in discovery.

**C. Substantial Grounds Exist for Dismissing the Amended Complaint as Against Sellers**

With respect to the "strength of the motion" prong of the analysis, the Court need not decide the ultimate merits but rather find that the moving party has made "substantial arguments for

---

[1] At the September 30, 2021 conference, Sellers advised the Court that the parties had discussed a briefing schedule under which Sellers would file their motion to dismiss by November 11, 2021, and the motion would be fully briefed by December 16, 2021. However, to encourage the Court to grant Sellers' motion for a discovery stay, Sellers advanced the schedule by three weeks, agreeing to file their motion by October 22, 2021. Although we hoped to have the motion fully briefed by mid-November, Plaintiff's counsel, despite our objections, would only agree to Sellers' new proposed briefing schedule if Plaintiff is given until November 19, 2021 for opposition.

Santamarina & Associates                                                                                                                    October 6, 2021
                                                                                                                                             Page 3 of 3

dismissal" or a "strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Finance, Ltd. (Singapore) v. Pinnacle Performance, Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

As will be shown in Sellers' motion to dismiss, Plaintiff's allegations in the amended complaint do not state a plausible claim for fraudulent inducement. To the extent Plaintiff bases her claim on the sworn statement of Sellers' attorney at closing, the claim is barred by the provisions of the contract of sale specifically disclaiming reliance on extracontractual representations as to the condition of the premises. *See Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 320-321 (1959).

Plaintiff cannot cure this fatal defect by also claiming to have relied on paragraph R6 of the contract of sale, which provided: "to the best of Seller's actual knowledge, there have not been any leaks into the Unit and Seller has not received written notice of any leaks from the Unit, during the past twelve months. The Unit shall be delivered free of active leaks." Inasmuch as the provision stated that "[t]he Unit shall be delivered free of active leaks," it is a statement of future intent as opposed to a misrepresentation of present fact and thus is not actionable. *See generally Meehan v. Meehan*, 227 A.D.2d 268, 270 (1st Dep't 1996). Plus, Plaintiff does not plead sufficient allegations to show that the first part of the provision – with its qualifications and limiting language – was false when made or that Sellers knew it was false. *See NY Univ. v Cont. Ins. Co.*, 87 N.Y.2d 308, 319 (1995).

Additionally, Plaintiff's reliance on any of the purported misrepresentations is unjustifiable as a matter of law. Plaintiff, having personally observed water staining at the bedroom window, had reason to know that the alleged misrepresentations about the leak were false. *Banque Franco-Hellenique de Commerce v. Christophides*, 106 F.3d 22, 27 (2d Cir. 1997).

Plaintiff also fails to plead causation. The nexus between Sellers' alleged preclosing representations as to the date of the last leak in the premises and the damages Plaintiff allegedly suffered is far too attenuated, both in terms of time and foreseeability, to make Sellers the proximate cause. Also, the amended complaint makes clear that any such damages were caused by other intervening factors unrelated to Sellers. *See Mosaic Caribe, Ltd. v. AllSettled Group, Inc.,* 117 A.D.3d 421, 422 (1st Dep't 2014).

For these reasons, as well as others to be set forth in Sellers' motion to dismiss, Plaintiff's fraudulent inducement claim lacks merit. Thus, the Court should grant a brief stay of discovery until Sellers' motion is determined. In accordance with the Court's instructions, enclosed is a proposed briefing schedule on Sellers' anticipated motion to dismiss.

Respectfully submitted,

Gil Santamarina

cc: All Counsel of Record

# SANTAMARINA & ASSOCIATES
### ATTORNEYS AT LAW
260 MADISON AVENUE, 17TH FLOOR
NEW YORK, NEW YORK 10016

GIL SANTAMARINA, ESQ.

KACY POPYER, ESQ.
RACHEL L. ALBINDER, ESQ.
ALINA LEVINA, ESQ.
MICHAEL A. BARNETT, ESQ., OF COUNSEL

TARA BONILLA, OFFICE MANAGER & TRANSFER AGENT

TELEPHONE: 212-965-1678
FACSIMILE: 212-537-0012
EMAIL: gil@santamarinalaw.com
WEBSITE: www.santamarinalaw.com

October 6, 2021

Hon. Lewis J. Liman, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

Re: Joanne Noel Higgins v. 120 Riverside Boulevard at Trump Place Condominium et al.
Case No: 21-cv-04203-LJL
Proposed Briefing Schedule on Motion to Dismiss Amended Complaint

Your Honor:

This firm represents Defendants Carlos A. Galliani and Nancy Galliani ("Sellers") in the above-referenced action. In accordance with the Court's instructions, Sellers have conferred with counsel for Plaintiff Joanne Noel Higgins and propose the following briefing schedule on Sellers' motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

(i) Sellers' motion shall be filed no later than October 22, 2021.
(ii) Opposition papers, if any, shall be filed no later than November 19, 2021.
(iii) Sellers' reply shall be filed no later than December 3, 2021.

Respectfully submitted,

*Gil Santamarina*

Gil Santamarina

cc: All Counsel of Record