# SANTAMARINA & ASSOCIATES
### ATTORNEYS AT LAW
260 MADISON AVENUE, 17TH FLOOR
NEW YORK, NEW YORK 10016

GIL SANTAMARINA, ESQ.

KACY POPYER, ESQ.
RACHEL L. ALBINDER, ESQ.
ALINA LEVINA, ESQ.
MICHAEL A. BARNETT, ESQ., OF COUNSEL

TARA BONILLA, OFFICE MANAGER & TRANSFER AGENT

TELEPHONE:      212-965-1678
FACSIMILE:      212-537-0012
EMAIL:    gil@santamarinalaw.com
WEBSITE: www.santamarinalaw.com

October 20, 2021

Hon. Lewis J. Liman, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

Re: Joanne Noel Higgins v. 120 Riverside Boulevard at Trump Place Condominium et al.
Case No: 21-cv-04203-LJL

Your Honor:

This firm represents Defendants Carlos A. Galliani and Nancy Galliani ("Sellers") in the above-referenced action. Pursuant to Federal Rule of Civil Procedure Rule 26(c), Sellers submit this letter-motion for a protective order partially staying discovery until the Court decides Sellers' motion to dismiss the amended complaint. In particular, Sellers request a stay of discovery only to the extent of staying Sellers' time to serve discovery demands of their own or take depositions of other parties or third parties.

Before bringing the instant letter-motion, Sellers filed a motion seeking to stay all discovery of any type by or against Sellers. Because Plaintiff represented in her opposition that the discovery she will seek against Sellers is limited, the Court denied Sellers' motion without prejudice to Sellers making a narrower request setting forth the basis for staying specific types of discovery. Accordingly, the stay requested herein is limited to discovery by, not against, Sellers, permitting Plaintiff and the Condominium Defendants[1] to serve discovery demands on Sellers and take Sellers' depositions and otherwise allowing discovery to proceed as scheduled.

The Court has discretion to stay discovery for "good cause." In determining whether good cause

---

[1] "Condominium Defendants" as used herein refers to defendants 120 Riverside Boulevard at Trump Place Condominium, the Board of Managers of 120 Riverside Boulevard at Trump Place Condominium, Michael Ritchken, individually and as president of the Board of Managers of 120 Riverside Boulevard at Trump Place Condominium, Akam Associates, Inc., and Ronald Starcic.

Santamarina & Associates                                                                       October 20, 2021
                                                                                               Page 2 of 4

exists, courts consider "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (internal citations omitted). All three of these factors weigh in favor of granting Sellers' motion for a partial stay.

### A.  Discovery to Be Sought by Sellers Will Be Burdensome

In determining whether the breadth of discovery warrants imposing a stay, courts consider not just the breadth of discovery that will be sought from the moving party but also the breadth of discovery that the moving party anticipates seeking from the other parties. *See Trustees of The NY City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, 2019 WL 6912282, *4 (S.D.N.Y. Dec. 19, 2019) (granting stay where moving party anticipated making broad discovery demands of their own). Because Sellers would have no relevant information after the subject premises was sold in 2016, the scope of discovery that Plaintiff intends to seek from Sellers will be limited. Sellers, on the other hand, will have to obtain considerable discovery from Plaintiff, the Condominium Defendants, as well as various third parties, the breadth of which will span a five-year period and cover a wide range of relevant issues. *See Integrated Sys. & Power, Inc. v. Honeywell Intl., Inc.*, 2009 WL 2777076, *1 (S.D.N.Y. Sep. 1, 2009) (granting stay where "the breadth of the discovery sought in this action will cover a six-year period"). Drafting discovery demands covering all documents that Sellers will need in the event their motion to dismiss is denied, reviewing the large volume of documents Sellers will receive in response to their demands, and then questioning the parties about the documents and other matters at depositions will require a substantial number of attorney hours and force Sellers to bear a significant expense.

For example, the amended complaint outlines five years of written complaints made, meetings held, inspections conducted, insurance claims filed, and communications exchanged, all relating to the allegedly undisclosed property defect at issue. Sellers will have to seek documents and information related to all such matters through extensive document demands and depositions. Also, as noted below, one of Sellers' defenses to the action is that any losses attributed to Sellers' alleged misrepresentations were actually caused by intervening factors unrelated to Sellers, including, *inter alia*, disruptive lobby renovations, the Condominium Defendants' harassment, and Plaintiff's and the Condominium Defendants' negligence in allowing mold to develop. Thus, Sellers will have to obtain documents and information related to these other matters as well, expanding the scope of discovery even further. Discovery with respect to the issue of Plaintiff's damages will also be particularly complex and burdensome, as Plaintiff claims to have suffered a multitude of physical and emotional injuries and places virtually her entire medical history in issue.

Sellers will also need to obtain discovery from various third parties. *See Ema Fin., LLC*, 336 F.R.D. at 84 (potential discovery of third parties on certain issue to support granting stay of discovery). In their initial disclosures, Plaintiff and the Condominium Defendants have collectively identified about 40 witnesses or categories of witnesses, most of whom are not parties to this case, with knowledge and information relevant to Plaintiff's claim against Sellers and Sellers' defenses thereto. Sellers will have to depose many of these third parties, which will be time-consuming and costly. Moreover, because the misrepresentations at issue concern a

structural defect in the premises, Sellers will also need to conduct expert discovery. Because Sellers' motion to dismiss will fully dispose of the case as against Sellers, the need for Sellers to conduct burdensome discovery would be avoided if the motion is granted.

### B.  A Partial Stay of Discovery Will Not Cause Any Prejudice

No prejudice will result from partially staying discovery. The delay would be relatively short, and at this stage of the litigation, a short delay would not be unduly prejudicial. *See Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020). Indeed, moving papers will be filed before initial discovery demands are due. Also, the scope of discovery that Sellers request be stayed is limited. Plaintiff will still be entitled to serve document demands and interrogatories and conduct depositions in an attempt to discover any evidence they may need to support their claims.

In any event, Plaintiff waited five years after discovering Sellers' purported fraud to bring this action. Therefore, she cannot claim to be prejudiced by any delay in discovery.

### C.  Substantial Grounds Exist for Dismissing the Amended Complaint as Against Sellers

With respect to the "strength of the motion" prong of the analysis, the Court need not decide the ultimate merits but rather find that the moving party has made "substantial arguments for dismissal" or a "strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Finance, Ltd. (Singapore) v. Pinnacle Performance, Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

As will be shown in Sellers' motion to dismiss, Plaintiff's allegations in the amended complaint do not state a plausible claim for fraudulent inducement. To the extent Plaintiff bases her claim on the sworn statement of Sellers' attorney at closing, the claim is barred by the provisions of the contract of sale specifically disclaiming reliance on extracontractual representations as to the condition of the premises. *See Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 320-321 (1959).

Plaintiff cannot cure this fatal defect by also claiming to have relied on paragraph R6 of the contract of sale, which provided: "to the best of Seller's actual knowledge, there have not been any leaks into the Unit and Seller has not received written notice of any leaks from the Unit, during the past twelve months. The Unit shall be delivered free of active leaks." Inasmuch as the provision stated that "[t]he Unit shall be delivered free of active leaks," it is a statement of future intent as opposed to a misrepresentation of present fact and thus is not actionable. *See generally Meehan v. Meehan*, 227 A.D.2d 268, 270 (1st Dep't 1996). Plus, Plaintiff does not plead sufficient allegations to show that the first part of the provision – with its qualifications and limiting language – was false when made or that Sellers knew it was false. *See NY Univ. v Cont. Ins. Co.*, 87 N.Y.2d 308, 319 (1995).

Additionally, Plaintiff's reliance on any of the purported misrepresentations is unjustifiable as a matter of law. Plaintiff, having personally observed water staining in the premises, had reason to know that the alleged misrepresentations about the leak were false. *Banque Franco-Hellenique*

Santamarina & Associates  October 20, 2021
Page 4 of 4

*de Commerce v. Christophides*, 106 F.3d 22, 27 (2d Cir. 1997).

Plaintiff also fails to plead causation. The nexus between Sellers' alleged preclosing representations and the damages Plaintiff allegedly suffered is far too attenuated, both in terms of time and foreseeability, to make Sellers the proximate cause. Also, the amended complaint makes clear that any such damages were caused by other intervening factors unrelated to Sellers. *See Mosaic Caribe, Ltd. v. AllSettled Group, Inc.,* 117 A.D.3d 421, 422 (1st Dep't 2014).

For these reasons, as well as others to be set forth in Sellers' motion to dismiss, Plaintiff's fraudulent inducement claim lacks merit. Thus, the Court should grant partial stay of discovery until Sellers' motion is determined.

Respectfully submitted,

*[signature]*

Gil Santamarina

cc: All Counsel of Record