UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
JOANNE NOEL HIGGINS,                                               :
                                                                   :
                           Plaintiff,                              :
                                                                   :     21-cv-4203 (LJL)
         -v-                                                       :
                                                                   :     MEMORANDUM AND
120 RIVERSIDE BOULEVARD AT TRUMP PLACE                             :     ORDER
CONDOMINIUM, *et al.*,                                             :
                                                                   :
                           Defendants.                             :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On October 26, 2022, counsel for plaintiff Joanne Noel Higgins ("Plaintiff") filed a motion to withdraw from this case. Dkt. No. 123. The Court held a show cause hearing on November 10, 2022, after which the Court granted the motion of Plaintiff's counsel. *See* Order, November 15, 2022. At the show cause hearing, Plaintiff requested three to four months to find another attorney to represent her. Dkt. No. 129 at 11. The Court granted that request and stayed the case until March 1, 2023, and ordered the parties to provide a letter to the Court after that date setting future deadlines. *Id.* at 11–12. Defendants wrote to the Court on March 1, 2023, requesting a conference to set a new Case Management Plan and Schedule Order. Dkt. No. 134.

The Court held the conference on March 15, 2023. *See* Minute Entry, March 25, 2023. Plaintiff did not appear at the conference. *Id.* Defendants indicated that they would move to dismiss for failure to prosecute, and the Court set a briefing schedule for that motion. *Id.* Defendants filed their motion to dismiss for lack of prosecution, along with an accompanying memorandum of law and declaration, on April 5, 2023. *See* Dkt. Nos. 136–38. Plaintiff had two weeks from that date to submit response papers. *See* Minute Entry, March 25, 2023. As of April

23, 2023, Plaintiff has not submitted response papers and no counsel has appeared on behalf of Plaintiff.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff requested time to find substitute counsel and the Court granted her three and a half months to do so. Plaintiff did not respond to the Court's order to submit a letter to this Court by March 1, 2023, and has not responded to Defendants' motion to dismiss for failure to prosecute. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes

substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id*. (collecting cases). Plaintiff was given notice both through the Court's Minute Entry of March 15, 2023 and through Defendants' motion to dismiss that failure to respond to Defendants' motion could result in dismissal. Although there is no specific evidence on the record that delay will prejudice Defendants, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute and . . . failures to appear at court-ordered conferences demonstrate that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: April 24, 2023
      New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge